IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:19CR91 |
| vs. | |
| IVAN CASTILLO GONZALEZ, | ORDER |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Bill of Particulars (Filing No. 16) and Motion for Immediate Return of Unlawfully Seized Property (Filing No. 18). The Court will deny the motions.

Defendant is charged in the Indictment with four counts of making false statements under oath to a Department of Homeland Security, United States Citizenship and Immigration Services (USCIS) adjudications officer on February 26, 2018, in relation to a naturalization proceeding, in violation of 18 U.S.C. § 1015(a) and § 1001(a)(2). (Filing No. 1). Counts I and III allege Defendant falsely stated he had never committed a crime for which he was not arrested, when in fact he had sexually abused or assaulted "Y.C." in violation of Iowa law. Counts II and IV allege Defendant falsely stated he had never forced or tried to force someone to have sexual contact, when in fact he had done so to Y.C. "on multiple occasions between April 2016 and April 2018."

Defendant filed the instant motion requesting a bill of particulars setting forth "with sufficient particularity" the following facts: "the place, manner, means and recipient of" the false statements supporting each count; as to Counts I and III, the time and place where the alleged crime or offense took place; and as to Counts II and IV, the time and place where is it alleged such sexual contact with Y.C. took place. (Filing No. 16). Defendant also filed a motion under Rule 41(g) of the Federal Rules of Criminal Procedure requesting the Court order the government to return his cell phone.

## ANALYSIS

### I.     Bill of Particulars

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and, for each count, "must give the official or customary

citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). A defendant may move for a bill of particulars when he believe the indictment does "does not provide enough information to prepare a defense." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009)(citing Fed. R. Crim. P. 7(f)). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *Id.* (quoting *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002)(internal quotation marks omitted). "[A] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011).

To determine whether a bill of particulars is necessary, the court should examine whether the indictment adequately states an offense. "An indictment adequately states an offense if: it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Beasley*, 688 F.3d 523, 532 (8th Cir. 2012) (quoting *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009).

The Court finds that a bill of particulars is not necessary to inform Defendant of the charges in this case and to prepare a defense. Counts I and II charge Defendant with violations of 18 U.S.C. § 1015(a), which makes it a crime to "knowingly makes any false statement under oath, in any case, proceeding, or matter relating to, or under, or by virtue of any law of the United States relating to naturalization, citizenship, or registry of aliens." 18 U.S.C. § 1015(a). Counts III and IV charge Defendant with violations of 18 U.S.C. § 1001(a)(2), which makes it a crime to, "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully . . . makes any materially false, fictitious, or fraudulent statement or representation." 18 U.S.C. § 1001(a)(2). The Indictment informs Defendant that all four counts occurred in Nebraska on February 26, 2018, and that all the allegedly false statements were made under oath to a USCIS adjudication officer on that date. The government represents that discovery already provided to Defendant shows that the allegedly false statements were made during Defendant's interview with a USCIS adjudication officer during a single interview on February 26, 2018, at 1717 Avenue H East, Omaha, Nebraska, 68110, and that the Form N-400 provided to Defendant contains the name of the adjudication officer. (Filing No. 19 at pp. 2-3).

2

The Indictment also alleges the substance of the false statements – that Defendant stated he had never committed a crime for which he was not arrested, when in fact he had sexually abused or assaulted "Y.C." in violation of Iowa law, and that he had never forced or tried to force someone to have sexual contact, when in fact he had done so to Y.C. "on multiple occasions between April 2016 and April 2018." While Defendant is correct that he could not have made false statements on February 26, 2018, about sexual conduct that allegedly occurred after that date through April 2018, the exact date of the underlying sexual conduct is not an essential element of the crimes charged in this case. See, e.g., *United States v. Hawkghost*, No. 8:16CR286, 2017 WL 823551, at *2 (D. Neb. Mar. 1, 2017)(denying motion for bill of particulars because the date of the offense was not a material element of the charged crime). Additionally, the government represents it will provide Defendant with a video-recorded Child Advocacy Center interview and deposition of the victim where she states generally when such sexual contact occurred. (Filing No. 19 at p. 3).[1] As such, the Court concludes that the Indictment and discovery already provided to Defendant adequately provides enough information for him to prepare a defense. See *Huggans*, 650 F.3d at 1220 (concluding bill of particulars was not necessary where government's pre-trial motion responses and discovery "were more than sufficient to enable [the defendant] to understand the nature of the charges, prepare a defense, and avoid unfair surprise"). Because the Indictment sufficiently outlines each element of the offenses charged and is not so vague and conclusory that Defendant lacks notice of the crimes he is charged with committing, Defendant's motion for a bill of particulars will be denied.

## II. Return of Property

Defendant has moved the Court to order the government to return his cell phone. Fed. R. Crim. P. 41(g) authorizes a person whose property is seized by the government to petition the district court for its return. A Rule 41(g) motion "is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *Jackson v. United States*, 526 F.3d 394, 397 (8th Cir. 2008)(quoting *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir.2002) (internal quotation marks and citation omitted).

---

[1] Moreover, the government states that "Defendant and his counsel were both involved in the previous litigation and as such, those disclosures will not be new information." (Filing No. 19 at p. 4).

Defendant's cell phone was seized on March 27, 2019, when he was booked into jail. (Filing No. 22 at p. 1). On April 2, 2019, the government obtained a search warrant to search the phone. See Case No. 8:19MJ157. The government has a legitimate reason to possess Defendant's cell phone at this time as part of its ongoing criminal investigation and because of the potential need for the phone as evidence. The government represents that, if it determines the phone does not "contain further evidence of a crime beyond the fact that Defendant was in possession of the same type of phone reported to have been used during the commission of a crime, the Government would not object to releasing the cell phone after photographing and examinations have been completed." (Filing No. 22 at pp. 1-2). Therefore, Defendant's motion under Rule 41(g) is denied, without prejudice to reassertion at a later date.

Upon consideration,

**IT IS ORDERED** that Defendant's Motion for Bill of Particulars (Filing No. 16) and Motion for Immediate Return of Unlawfully Seized Property (Filing No. 18) are denied.

Dated this 10th day of April, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge